# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Dejuan Haywood Haggins, | Civil No. 10-2554 (DWF/LIB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Sherburne County, individual and official capacities; Sherburne County Sheriff, individual and official capacities; Stephen Pedersen, individual and official capacities a/k/a Steve Peterson; and Sherburne County Jail Employee, individual and official capacities, | |
| Defendants. | |

---

Stephen L. Smith, Esq., Law Firm of Stephen L. Smith, PLLC, and Sellano L. Simmons, Esq., counsel for Plaintiff.

Jon K. Iverson, Esq., and Stephanie A. Angolkar, Esq., Iverson Reuvers, LLC, counsel for Defendants Sherburne County and Sherburne County Sheriff.

Daniel P. Kurtz, Esq., and William J. Everett, Esq., Everett & VanderWiel, PLLP, counsel for Defendant Stephen Pedersen.

---

This matter is before the Court upon Defendant Stephen Pedersen's ("Pedersen") objections to Magistrate Judge Leo I. Brisbois's April 17, 2012 Report and Recommendation ("R&R") insofar as it recommends that: (1) Defendant Stephen Pedersen's motion for summary judgment be denied; (2) Defendant Sherburne County's motion for summary judgment be denied; (3) Defendant Sherburne County's motion to

enjoin Plaintiff from filing future lawsuits without permission be denied; (4) Plaintiff's claims against Defendant Sherburne County under 42 U.S.C. § 1983 be dismissed with prejudice; and (5) all of Plaintiff's claims against Defendant Sherburne County Sheriff be dismissed with prejudice and Defendant Sherburne County Sheriff be dismissed from this action. (Doc. No. 53.) Pedersen filed additional objections to the R&R on April 30, 2012. (Doc. No. 54.) Plaintiff Dejuan Haggins ("Haggins") filed several responses to Pedersen's objections and objections to the R&R, which he withdrew on May 8, 2012. (Doc. Nos. 55-58.) Pedersen filed an additional response on May 24, 2012, containing a recent case. (Doc. No. 59.) After being retained, Plaintiff's counsel filed a response to Pedersen's objections on June 27, 2012. (Doc. No. 64.) Because the remaining defendants did not file objections to the R&R, this Order will address only Pedersen's objections and Haggins's responses to those objections.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference.

Pedersen's objections fall into three categories: (1) it was error to determine that Pedersen was not entitled to qualified immunity because, based on the relevant case law at the time, Pedersen could not have been on notice that the Taser incident that resulted in a *de minimis* injury was not constitutional; (2) it was error to evaluate Haggins's claims under the Eighth Amendment rather than the Fourth Amendment or a due process clause

analysis under the Fifth and Fourteenth Amendments; (3) even if Pedersen is denied qualified immunity, Haggins's claim fails as a matter of law because he cannot prove more than a *de minimis* injury. Pedersen does not object to the facts as set forth in the R & R, and thus the Court adopts the R&R's factual findings in their entirety.

The defense of qualified immunity is available to a government employee sued in his or her individual capacity. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). A defendant is shielded from civil liability if it is shown that his or her "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). "Qualified immunity is available 'to all but the plainly incompetent or those who knowingly violate the law.'" *Avalos v. City of Glenwood,* 382 F.3d 792, 798 (8th Cir. 2004) (quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)). Therefore, liability does not arise from an official's bad guess in a gray area, but instead flows only from the transgression of a bright line. *Davis v. Hall,* 375 F.3d 703, 712 (8th Cir. 2004) (quoting *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992)).

Whether qualified immunity shields a defendant is a question of law to be decided by the district court. *Littrell v. Franklin,* 388 F.3d 578, 585 (8th Cir. 2004). On a motion for summary judgment, the Court employs a three-part test to determine whether qualified immunity exists. *Goff v. Bise*, 173 F.3d 1068, 1072 (8th Cir. 1999). First, the plaintiff must assert a violation of a constitutional right. *Id.* Second, the alleged right must be clearly established. *Id.* Third, taking the facts in the light most favorable to the plaintiff,

3

there must be no genuine issues of material fact as to whether a reasonable official would have known that the alleged action violated the plaintiff's clearly established rights. *Id.* If the Court determines that the facts, viewed in the light most favorable to the injured party, do not establish a violation of a constitutional right, no further inquiry is necessary. *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

The Eighth Circuit has held that for a right to be clearly established, the contours of the right "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Vaughn v. Ruoff*, 253 F.3d 1124, 1129 (8th Cir. 2001) (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). There is no requirement that the action complained of has been previously held unlawful, but instead, in the light of pre-existing law, the unlawfulness must be apparent. *Id.* If, on an objective basis, it is obvious that no "reasonably competent officer would have concluded that the defendant should have taken the disputed action," qualified immunity does not apply. *Samuelson v. City of New Ulm*, 455 F.3d 871, 877 (8th Cir. 2006).

The Magistrate Judge determined that regardless of whether Haggins's claims were based on the Eighth or Fourteenth Amendment[s], his excessive force claim survives. (R&R at 13-14.) Though the Court agrees that Pedersen's motion for summary judgment should be denied, it reaches this conclusion based on the objective reasonableness standard applicable to qualified immunity. Generally, a pretrial detainee's claims are analyzed under the due process clause of the Fifth and Fourteenth Amendments. *See McRaven v. Sanders,* 577 F.3d 974, 979 (8th Cir. 2009); *Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048

4

(8th Cir. 1989). However, the Eighth Circuit and several other courts in this district have analyzed such claims under both the Eighth and Fourth Amendments. *Compare Vaughn v. Greene Cnty, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006) (applying Eighth Amendment to pretrial detainee's conditions of confinement claim asserted under Fourteenth Amendment); *Crow v. Montgomery*, 403 F.3d 598, 601 (8th Cir. 2005) (same) *with Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (observing that "the question whether the Fourth Amendment continues to provide individuals with protection against the deliberate use of excessive force beyond the point at which arrest ends and pretrial detention begins" remained unresolved); *Carpenter v. Gage*, 686 F.3d 644, 650 (8th Cir. 2012) (analyzing plaintiff's pretrial detention excessive force claim under Fourteenth and Eighth Amendments). The Court need not reach this issue because, taking Haggins's asserted facts as true, it agrees with the Magistrate Judge's conclusion that no reasonable officer would have gone into an inmate's cell with the predetermined intent to use a Taser on an inmate to punish him for earlier disrespectful comments and a failure to submit to verbal commands. Pedersen had six officers with him as back-up when he arrived at Haggins's cell and the video shows that he made no attempt to control the situation through means less drastic than deploying a Taser, a severe pain-causing device that repeatedly has been found to cause more than *de minimis* injuries. *See Orsak v. Metro. Airports Comm'n Airport Police Dep't*, 675 F. Supp. 2d 944, 958-59 (D. Minn. 2009) (summarizing cases where injury associated with Taser was more than *de minimis* because of "extreme pain"); *but see McClennon v. Kipke*, 821 F. Supp. 2d 1101, 1107 (D. Minn. 2011) (determining

5

extreme pain from Taser and two red spots on plaintiff's chest were not more than *de minimis* injuries); *see also Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178 (2010) (emphasizing that "injury and force are only imperfectly correlated"). Viewing the facts in a light most favorable to Haggins, his behavior, though uncooperative, was not threatening, and thus Pedersen's Taser use was objectively unreasonable and violated Haggins's due process rights. The Court finds that genuine issues of material fact remain in dispute as to the reasonableness of Pedersen's use of the Taser and that a reasonable jury could conclude that Pedersen's conduct was objectively unreasonable.[1] The Magistrate Judge correctly concluded that Pedersen should be denied qualified immunity on summary judgment.

Both parties make much of *Chambers v. Pennycook*, 641 F.3d 898, 901, 906 (8th Cir. 2011) which held, in part, that the infliction of a *de minimis* injury does not foreclose an excessive force claim. Because the facts giving rise to this case occurred in August 2007, more than three and one-half years before *Chambers* was issued in June 2011, Pedersen asserts that it was reasonable and justified for him to rely on cases where the use

---

[1] Even if the Court were to analyze Haggins's claims under the Eighth Amendment, his claim would survive. The Court agrees that Pedersen's purported statement, "Open Haggins' fucking cell. He's going to get zapped" prior to the Tasing, the absence of any facts showing that Haggins was behaving aggressively, and Pedersen's alleged statement after the incident that the "nigger zapper strikes again" and pretending to blow on the Taser in the style of Dirty Harry could demonstrate malice. (Doc. No. 22, Ex. C at 19-20, 39-42; R&R at 4, 6, 8, 17.)

of force resulting in only a *de minimis* injury was found to be reasonable.[2] *See McClennon*, 821 F. Supp. 2d at 1108 (concluding officer was entitled to qualified immunity "because it 'was not clearly established [in 2006] that an officer violated the rights of an arrestee by applying force that caused only *de minimis* injury'" (quoting *Chambers*, 641 F.3d at 908)). Yet, the Court has already determined that a jury could find Pedersen's conduct objectively unreasonable applying a Fifth and Fourteenth Amendment due process analysis. *See McRaven,* 577 F.3d at 979; *Johnson-El*, 878 F.2d at 1048; *see also Graham*, 490 U.S. at 396; *Cook v. City of Bella Villa*, 582 F.3d 840, 849 (8th Cir. 2009). Thus, Haggins's claim survives regardless of the supporting precedent upon which Pedersen purports to rely in asserting qualified immunity. *See Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 905 n.3 (8th Cir. 1999) (explaining whether plaintiff was an arrestee or pretrial detainee did "not impact our analysis of his claim").

Moreover, *Chambers* facially contradicts Pedersen's contention that because Haggins has not substantiated his claims of seizures and heart problems resulting from the August 2007 Tasing incident, his claim cannot survive as a matter of law. The use of a

---

[2] The recent case Pedersen cites in support of his objection, *LaCross v. City of Duluth*, No. 10-3922 (JNE/LIB), 2012 WL 1694611, at *7-*8 (D. Minn. May 14, 2012), is distinguishable from the instant case because in *LaCross*, Judge Joan N. Ericksen could not fully adopt the version of the facts asserted by the Plaintiff because they were directly contradicted by evidence in the record. Here, though many of the facts Haggins asserted were not caught on the video or otherwise substantiated, at this stage of the case, the Court has no justifiable reason to reject those facts. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (holding that in qualified immunity cases, courts typically adopt "the plaintiff's version of the facts"). The reasonableness of the force used and the veracity of Haggins's assertions as to Pedersen's statements evidencing malice are issues best decided by a jury.

Taser has been found to be more than *de minimis* even if it does not cause permanent injury or disfigurement in situations when its use constituted excessive force. *See, e.g., Shekleton v. Eichenberger*, 677 F.3d 361, 366 (8th Cir. 2012); *Bailey v. Cnty of Kittson*, No. 07-1939, 2008 WL 906349, at *16 (D. Minn. Mar. 31, 2008); *Brown v. City of Golden Valley*, 534 F. Supp. 2d 984, 994-95 (D. Minn. 2008). Haggins's excruciating cries of pain, subsequent sobbing, and bleeding from his Taser wounds, all of which were captured on the video, adequately demonstrate that his injuries were more than *de minimis*.[3]

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendant Stephen Pedersen's objections (Doc. No. [54]) to Magistrate Judge Leo I. Brisbois's April 17, 2012 Report and Recommendation are **DENIED**.

2. Magistrate Judge Leo I. Brisbois's April 17, 2012 Report and Recommendation (Doc. No. [53]) is **ADOPTED as modified above**.

3. Defendant Stephen Pedersen's motion for summary judgment (Doc. No. [27]), is **DENIED**.

---

[3] Neither in this case nor in *Mahamed v. Anderson*, No. 07-4815 (ADM/FLN), 2009 WL 873534 (D. Minn. Mar. 30, 2009), both involving Pedersen, did Pedersen mention a policy on the appropriateness of Taser use. *Id*. at *4. Moreover, the Court finds disconcerting that the Taser incident giving rise to the plaintiff's claims in *Mahamed* occurred 41 days after the August 2007 incident at issue in this case. *Id*. at *1.

4. Defendant Sherburne County's motion for summary judgment (Doc. No. [18]), is **DENIED**.

5. Defendant Sherburne County's motion to enjoin Plaintiff from filing future lawsuits without permission (Doc. No. [18]) is **DENIED**.

6. Plaintiff's claims against Defendant Sherburne County under 42 U.S.C. § 1983 is **DISMISSED WITH PREJUDICE**.

7. All of Plaintiff's claims against Defendant Sherburne County Sheriff are **DISMISSED WITH PREJUDICE**, and Defendant Sherburne County Sheriff is dismissed from this action.

Dated: September 25, 2012          s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge